IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CLIFFORD W. WHITE § | | |
| (BOP Register No. 27992-180), § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| V. § | | No. 3:18-cv-701-N-BN |
| § | | |
| M. UNDERWOOD, Warden, ET AL., § | | |
| § | | |
| Defendants. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Plaintiff Clifford W. White, a federal prisoner then incarcerated in this district, brought a *pro se* action against employees at FCI Seagoville, seeking relief unrelated to his release from confinement or the execution of his sentence. *See* Dkt. No. 3.

His action was referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge David C. Godbey.

White filed a court-ordered amended complaint asserting civil rights claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See* Dkt. No. 9; *see also* Dkt. Nos. 4, 5, & 8.

The Court then granted him leave to supplement that complaint. *See* Dkt. Nos. 14 & 15.

The undersigned now enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss White's claims with prejudice.

## Applicable Background

White was convicted "on one count of possession of matter containing visual depictions of minors engaging in sexually explicit conduct and on one count of producing visual depictions of minors engaging in sexually explicit conduct," for which he received concurrent sentences of 120 and 180 months, respectively; he challenged the denial of his suppression motion on appeal; and the judgment of the district court was affirmed. *United States v. White*, No. 06-51607, 2007 WL 2438002 (5th Cir. Aug. 22, 2007) (per curiam); *see also United States v. White*, No. 7:06-CR-96 (W.D. Tex.).

Through this action, White claims that Bureau of Prisons employees violated his constitutional rights by (1) opening and reading his mail; (2) retaliating against him based on his filing grievances and his status as a sex offender, through removing privileges and through lock-downs; and (3) failing to protect him from other inmates. *See* Dkt. Nos. 9 & 14. He seeks "declaratory and monetary damages" and for the Court to "[m]ake prison officials stop the misconduct and improve systemic issues." Dkt. No. 9 at 4.

## Legal Standards

Where a prisoner seeks relief from a governmental entity or employee, a district court must, on initial screening, identify cognizable claims or dismiss the complaint, or any portion of the complaint, that "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1); *see also Thompson v. Hayes*, 542 F. App'x 420, 420-21 (5th Cir. 2013) (per curiam) ("[U]nder 28 U.S.C. § 1915A(b)(1), the district court is required to review any civil complaints in which a

prisoner seeks relief against a government entity, officer, or employee regardless of whether the prisoner has paid the filing fee." (citing *Ruiz v. United States*, 160 F.3d 273, 274-75 (5th Cir. 1998))).

Dismissal for failure to state a claim "turns on the sufficiency of the '*factual* allegations' in the complaint," *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 135 S. Ct. 346, 347 (2014) (per curiam); emphasis added by *Smith*), and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346.

Indeed, to survive dismissal under the framework of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that he contends entitle him to relief. *Johnson*, 135 S. Ct. at 347 (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *see Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) ("A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" (quoting *Iqbal*, 556 U.S. at 679)); *see also Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (a court need "not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions" (citation omitted)).

This rationale has even more force here, as the Court "must construe the pleadings of *pro se* litigants liberally," *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th

Cir. 2006), "to prevent the loss of rights due to inartful expression," *Marshall v. Eadison*, 704CV123HL, 2005 WL 3132352, at *2 (M.D. Ga. Nov. 22, 2005) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)); *but see Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013) ("[L]iberal construction does not require that the Court or a defendant create causes of action where there are none.").

"Ordinarily, 'a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed.' ... Granting leave to amend, however, is not required if the plaintiff has already pleaded [his] 'best case.' A plaintiff has pleaded [his] best case after [he] is apprised of the insufficiency of [his] complaint. [And a] plaintiff may indicate [he] has not pleaded [his] best case by stating material facts that [he] would include in an amended complaint to overcome the deficiencies identified by the court." *Wiggins v. La. State Univ. – Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (per curiam) (quoting *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009); citations and internal quotation marks omitted).

## Analysis

"To determine whether a defendant is being sued in his or her official or individual capacity, [a court should] examine 'the allegations in the complaint,' and 'the course of proceedings.'" *Robinson v. Hunt Cnty., Tex.*, 921 F.3d 440, 446 (5th Cir. 2019) (quoting, respectively, *Parker v. Graves*, 479 F.2d 335, 336 (5th Cir. 1973) (per curiam); *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985); original brackets omitted)). To further this examination, courts have identified "several factors" applicable to the

screening of a prisoner or *pro se* complaint, such as whether the plaintiff alleges "that the defendant acted in accordance with a governmental policy or custom, or the ... indicia of such a policy or custom on the face of the complaint," and "a plaintiff's request for compensatory or punitive damages, since such relief is unavailable in official capacity suits." *Batiste v. Layrisson*, No. Civ. A. 04-0607, 2005 WL 840468, at *2 (E.D. La. Apr. 1, 2005) (citations omitted); *see id.* (further noting that "the underlying inquiry throughout remains whether the plaintiff's intention to hold a defendant personally liable can be ascertained fairly").

First, to the extent that White brings his claims against the BOP employees in their official capacities – considering that part of the relief he requests is that the BOP "improve systemic issues" – the Court lacks jurisdiction over those claims. *See, e.g., Multi Denominational Ministry of Cannabis & Rastafari, Inc. v. Gonzales*, 474 F. Supp. 2d 1133, 1141 (N.D. Cal. 2007) ("A *Bivens* action does not lie against federal agencies or the United States, which possess sovereign immunity; such actions may be brought only against named federal officers or agents in their personal capacity." (citing *FDIC v. Meyer*, 510 U.S. 471, 483-86 (1994))).

But, because he also seeks compensatory damages, the Court should further consider his claims as asserted against the defendants in their individually capacities. Doing so, White has failed to state a claim upon which relief may be granted.

White first complains that the opening and reading of his mail, which he does not allege was somehow privileged, was a violation of the United States Constitution. *See* Dkt. No. 9 at 4 ("Regularly, ... FCI staff ... open, read, and interfere with my

outgoing mail in E6 Unit in violation of my Fourth Amendment rights and relevant policy and law."). This claim fails. *See, e.g., Weaver v. Rafter*, Civ. A. No. G-05-0506, 2008 WL 167310, at *4 (S.D. Tex. Jan. 16, 2008) ("Courts have routinely held that prison officials do not commit constitutional violations by reading prisoners' outgoing nonprivileged mail." (collecting cases, including, *Busby v. Dretke*, 359 F.3d 708, 721 (5th Cir. 2004) (no First Amendment violation); *United States v. Kelton*, 791 F.2d 101, 103 (8th Cir. 1986) (no Fourth Amendment violation); *Altizer v. Deeds*, 191 F.3d 540, 547-48 (4th Cir. 1999) ("Without question, the opening and inspecting of an inmate's outgoing mail is reasonably related to legitimate penological interests, and, therefore, constitutional."))).

> White next alleges that
>
> Defendant Doe retaliated against me for my status as a sex offender and a "frequent filer" (of complaints) by alleging that I had conducted myself in a 'risk-relevant' manner in the SHU; Defendant Poulson entered it into my record; Defendant Caperton affirmed these – all in violation of applicable policy and my due process rights where it subject me to greater risk of harm e.g. civil commitment, as a sex offender. And on or about 9/1/2017 and for a lengthy period, Defendant Crittle and other staff ... imposed punishment on all inmates including myself, such as removing access to television and related privileges, locking inmates down in the housing units irregularly, and disallowing visitation, including as a result causing me to miss several otherwise-scheduled visits, which amounted to arbitrary punishment in violation of my Fifth and Eighth Amendment rights ....

Dkt. No. 9 at 4-5.

Although White cities as a basis for this claim the Eighth Amendment and Fifth Amendment due process, these facts fail to state plausible due process or Eighth Amendment violations. *See, e.g., Hunnicutt v. Stephens*, No. 3:14-cv-885-G-BN, 2014

WL 2619856, at *1 (N.D. Tex. June 12, 2014) ("The due process rights of prisoners are generally limited to freedom of restraints that 'impose[ ] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.' *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Restrictions that alter only the conditions of confinement do not implicate due process. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000) (reduction of time-earning status, loss of commissary privileges, and cell restrictions do not implicate due process); *see also Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) (same as to commissary and cell restrictions)."); *Meija v. Ramirez*, No. 2:14-CV-238, 2016 WL 11473812, at *9 (S.D. Tex. Feb. 11, 2016) ("Courts have recognized that extended periods of lock-down can violate the Eighth Amendment. Lockdown periods of less than thirty days, however generally do not violate the Eighth Amendment." (citations omitted)), *rec. adopted*, 2016 WL 3661902 (S.D. Tex. July 11, 2016); *Scheanette v. Dretke*, 199 F. App'x 336, 337 (5th Cir. 2006) (per curiam) ("As [a prisoner] has no constitutional right to watch television and because watching television is not a life necessity or a basic human need, his Eighth Amendment and retaliation claims were properly dismissed." (citations omitted)).

And, to the extent that White states a retaliation claim based on the First Amendment – that he was retaliated against for filing grievances – "the Supreme Court has not determined that *Bivens* provides a remedy against federal officials for First Amendment violations, and the Supreme Court has cautioned against expanding *Bivens* in new contexts." *Begay v. Leap*, No. 3:17-cv-2639-N-BT, 2019 WL 1318410, at *3-*5 (N.D. Tex. Feb. 26, 2019), *rec. accepted*, 2019 WL 1315901 (N.D. Tex. Mar. 22,

2019). Further, to the extent that he claims retaliation based on his status as a sex offender, the Fifth Circuit "has held that sex offenders are not a suspect class for equal protection purposes." *Duarte v. City of Lewisville, Tex.*, 858 F.3d 348, 354 n.4 (5th Cir. 2017) (citing *Stauffer v. Gearhart*, 741 F.3d 574, 587 (5th Cir. 2014)).

White has not, moreover, alleged facts to support a plausible retaliation claim – regardless of the proffered constitutional basis for retaliation. *See, e.g., Pinson v. Santana*, No. 3:13-cv-2098-D, 2015 WL 10550962, at *5 (N.D. Tex. Nov. 23, 2015) (citation modified) ("An inmate 'must allege more than his personal belief that he is the victim of retaliation; that is, mere conclusory allegations of retaliation are not sufficient to state a claim for retaliation.' Further, the 'inmate must either produce direct evidence of motivation or allege a chronology of events from which retaliation may plausibly be inferred.'" (citations omitted)), *rec. adopted*, 2016 WL 1161991 (N.D. Tex. Mar. 23, 2016).

White's final allegation is that the defendants failed to protect him from being "spit on" and "threatened with physical assault and death by [other] inmates." Dkt. No. 14 at 2; *see also id.* (further alleging in an email to a prison psychologist "bullying, harassing, stalking, spitting on, and interfering with commissary" by other inmates). First, these allegations are conclusory. And, although "[i]t is well established that prison officials have a constitutional duty to protect prisoners from violence at the hands of their fellow inmates," *Longoria v. Texas*, 473 F.3d 586, 592 (5th Cir. 2006) (citing *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994)), White has not alleged facts from which the Court may infer that prison officials failed to protect him from physical

-8-

violence, *see, e.g., Newton v. Black*, 133 F.3d 301, 308-09 (5th Cir. 1998) (affirming dismissal where the prisoner alleged "that the defendants violated his Eighth Amendment rights by failing to protect him from [a] *threatened* attack" (emphasis added)); *Carrothers v. Kellly*, 312 F. App'x 600, 602 (5th Cir. 2009) (per curiam) ("An officer's failure to take reasonable measures to protect an inmate from excessive force can give rise to § 1983 liability; however, the Constitution does not require unarmed officials to endanger their own safety in order to protect a prisoner *threatened with* physical violence." (citation omitted and emphasis added)).

Because the Court has allowed White to file an amended complaint and then supplement that complaint, he has had an opportunity to state his best case. *See Wiggins*, 710 F. App'x at 627. His claims should therefore be dismissed with prejudice.

### Recommendation

The Court should dismiss this action with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure

to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 17, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE